

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7741 | **DATE** | 12-1-11 |
| **CASE TITLE** | Ricky Mitchell (B-05548) v. Webster, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $17.98 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Illinois River Correctional Center. The Clerk shall also: (1) issue summonses for Defendants Webster, Rowley, McWilliams, Parish, and Fenney; (2) dismiss Defendant Aurora Police Department; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■[For further details see text below.]                                                                                          Docketing to mail notices.

## STATEMENT

Plaintiff, Ricky Mitchell, a prisoner at Illinois River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $17.98. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from his trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints.

Plaintiff alleges that the five-named Aurora Police Officers used excessive force on him on October 28, 2009. Plaintiff names the five Aurora Police Officers and the Aurora Police Department as Defendants. The police officers must respond to Plaintiff's complaint. However, Plaintiff has failed to state a claim against the Aurora Police Department. Liability under a Section 1983 claim against the police department cannot be based upon a theory of respondeat superior. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Furthermore, Plaintiff has not alleged that the alleged excessive force was a result of an official policy, custom or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) (a governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice). Accordingly, the Aurora Police Department is dismissed from this action.

The United States Marshals Service is appointed to serve Defendants Webster, Rowley, McWilliams, Parish, and Fenney. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Aurora Police Department shall furnish the Marshal with Defendant's last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor

Page 1 of 2

| STATEMENT |
|---|
| disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br>      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |